```
                    FILED        LODGED
                    RECEIVED     COPY

                       MAR 2 1 2011

                  CLERK U S DISTRICT COURT
                    DISTRICT OF ARIZONA
                  BY_____ DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE Mortgage Electronic Registration Systems (MERS) Litigation | MDL DOCKET NO. 09-2119-JAT |
| | **ORDER** |
| This Order Applies to: | |
| CV 10-1205-PHX-JAT | |
| CV 10-1206-PHX-JAT | |
| CV 10-1207-PHX-JAT | |
| CV 10-1208-PHX-JAT | |
| CV 10-1209-PHX-JAT | |
| CV 10-1210-PHX-JAT | |
| CV 10-1418-PHX-JAT | |
| CV 10-1419-PHX-JAT | |
| CV 10-1420-PHX-JAT | |
| CV 10-1421-PHX-JAT | |
| CV 10-1422-PHX-JAT | |
| CV 10-1474-PHX-JAT | |
| CV 10-1873-PHX-JAT | |
| CV 10-1874-PHX-JAT | |
| CV 10-1875-PHX-JAT | |

The Court now addresses fifteen actions transferred by the Judicial Panel on Multidistrict Litigation (the "Panel") in MDL Conditional Transfer Order (CTO-6) and Simultaneous Separation and Remand of Certain Claims (Doc. 628), MDL Conditional Transfer Order (CTO-7) and Simultaneous Separation and Remand of Certain Claims (Doc. 867), and MDL Conditional Transfer Order (CTO-8) and Simultaneous Separation and Remand of Certain Claims (Doc. 1111). In the conditional transfer orders, the Panel stated, "All claims in these actions that are unrelated to the formation and/or operation of the MERS system are separated and simultaneously remanded, under 20 USC 1407, to their respective

districts." Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc. (collectively, "MERS" or "Moving Defendants") and various other parties have set forth which claims, if any, in each of the various cases relate to the formation and/or operation of MERS.[1] This Order now sets forth the remand status for the above-captioned cases.[2]

**I. General Interpretation of the Transfer Order**

In the initial transfer order, the Panel transferred to this Court all allegations within these actions that "the various participants in MERS formed a conspiracy to commit fraud and/or that security instruments are unenforceable or foreclosures are inappropriate due to MERS's presence as a party" or that otherwise concern the "formation and operation" of MERS. (Doc. 1.) However, the Panel simultaneously remanded unrelated claims to their

---

[1] The parties have fully briefed this issue pursuant to the Court's Orders on Practices and Procedures (Doc. 668, 933, 1158). Although the parties sought "remand" of certain claims to the transferor court, under Section 1407(a), remands to a transferor court can only be effected by the Judicial Panel on Multidistrict Litigation. 28 U.S.C. § 1407; *see also* R.P.J.P.M.L. 7.6. The Court, thus, stresses that this order is solely a determination of which claims are pending before this Court and which claims remain in their respective transferor courts, pursuant to the Panel's transfer orders.

[2] Listed below are the first plaintiff's name and the original jurisdiction case numbers for the cases addressed herein:

| First Plaintiff's Name | Arizona Case Number | Original Jurisdiction Case Number |
|---|---|---|
| *Ludlow* | CV 10-1205-PHX-JAT | 2:10-313 (D. Nev.) |
| *Habon* | CV 10-1206-PHX-JAT | 3:10-191 (D. Nev.) |
| *Sedlmayr* | CV 10-1207-PHX-JAT | 3:10-204 (D. Nev.) |
| *Camacho-Villa* | CV 10-1208-PHX-JAT | 3:10-210 (D. Nev.) |
| *Riger* | CV 10-1209-PHX-JAT | 3:10-233 (D. Nev.) |
| *Youmans* | CV 10-1210-PHX-JAT | 3:10-460 (D.S.C.) |
| *Gothan* | CV 10-1418-PHX-JAT | 3:10-66 (D. Nev.) |
| *Yaghiyaian* | CV 10-1419-PHX-JAT | 3:10-241 (D. Nev.) |
| *Sandefur* | CV 10-1420-PHX-JAT | 3:10-252 (D. Nev.) |
| *Spracklin* | CV 10-1421-PHX-JAT | 3:10-267 (D. Nev.) |
| *Meyer* | CV 10-1422-PHX-JAT | 3:10-270 (D. Nev.) |
| *Leon* | CV 10-1474-PHX-JAT | 3:10-460 (D. Or.) |
| *Singh* | CV 10-1873-PHX-JAT | 3:10-1355 (E.D. Cal) |
| *Harnist* | CV 10-1874-PHX-JAT | 3:10-331 (D. Nev.) |
| *Vega* | CV 10-1875-PHX-JAT | 3:10-334 (D. Nev.) |

transferor courts, finding that "plaintiffs' claims relating to loan origination and collection practices do not share sufficient questions of fact with claims regarding the formation and operation" of MERS and their inclusion "would needlessly entangle the litigation in unrelated, fact-intensive issues." *Id.* This remand also applies to the tag-along actions discussed in this order.

Accordingly, this Court will not retain claims that, although naming MERS as a defendant, allege conduct primarily related to loan origination and collection practices, or otherwise stray from the common factual core of the MDL. Only causes of action that in essence turn on the formation or operation of MERS, no matter how framed, have been transferred to the undersigned.

Moving Defendants filed Motion to Remand Claims for all three conditional transfer orders (Doc. 891, 1031, 1176). Several defendants filed responses to the Motion to Remand Claims in CTO-6 in full agreement with Moving Defendants (Doc. 954, 957, 958, 959). Two defendants filed responses to the Motion to Remand Claims in CTO-7 without disagreeing with Moving Defendants (Doc. 1106, 1107). Two defendants filed responses to the Motion to Remand Claims in CTO-7 without disagreeing with Moving Defendants (Doc. 1186, 1187). Certain Defendants[3] did disagree as to the proper bifurcation of the issues in several cases transferred by CTO-7 and CTO-8 (Doc. 1124, 1185). MERS replied (Doc. 998, 1144, 1196).

---

[3] In Doc. 1124, Defendants Countrywide Home Loans, Inc., Countrywide Bank, N.A., Bank of America Corporation, N.A., Bank of America dba BAC Home Loans Servicing, LP, ReconTrust Company, N.A., and First Horizon Home Loans, a Division of First Tennessee Bank National Association, successor in interest by merger to First Horizon Home Loan Corporation (improperly named as "First Horizon Home Loans") and in Doc. 1185, Defendants Countrywide Home Loans, Inc., Countrywide Financial Corp., Bank of America Corporation, N.A., BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP., Countrywide Bank, FSB, and ReconTrust Company, N.A.

## II. Claims on Which the Parties Do Not Agree

Within these "tag-along" actions there are several types of claims over which the parties disagree. Where the parties agree as to the proper determination of a claim, the Court adopts the parties' determination unless otherwise noted.

### A. Certain Claims in Three Cases

The parties disagree about the status of four claims in *Gothan*, *Vega*, and *Harnist*: "fraud through omission," "contractual breach of duty of good faith and fair dealing," "tortious breach of the implied duty of good faith and fair dealing," and "conspiracy to commit fraud and conversion." Moving Defendants argue that all of these claims have been transferred to the MDL. Certain Defendants argue that these claims have been split with part of each claim transferred to the MDL and part of each claim remanded to the respective transferor court. This Court has previously considered practically identical claims in an earlier bifurcation order and has found them to be all transferred to the MDL. *See* June 4, 2010 Order (Doc. 629 at 4-6). For the reasons set forth in that Order, all four claims in *Gothan*, *Vega*, and *Harnist* are also transferred to the MDL in their entirety.

### B. Unjust Enrichment

The parties disagree on the claims for unjust enrichment in *Sandefur*, *Spracklin*, *Vega*, and *Harnist*. Moving Defendants argue that these claims have been transferred to the MDL, while Certain Defendants argue that these claims are split.

In Plaintiffs' complaints, the only alleged misrepresentations giving rise to the claims for unjust enrichment concern the securitization on the loans. Thus, these claims are related to the operation of MERS system and have not been remanded.

## II. Claims on Which the Parties Agree

The Court will adopt the recommendations of the parties on all claims where they are in agreement.

Accordingly,

**IT IS ORDERED** that the Motions to Remand Certain Claims (Doc. 891, 1031, 1176) are GRANTED as follows:

With respect to *Ludlow* claims 1-4, 8, and 9 and part of claims 5-7, 10 and 11 remain with the undersigned as part of the MDL and part of claims 5-7, 10 and 11 have been remanded to the transferor court.

With respect to *Sedlmayr*, *Gothan* and *Meyer* claims 2, 5-9, and 13 and part of claims 1, 3, 4, 10, 11 and 12 remain with the undersigned as part of the MDL and part of claims 1, 3, 4, 10, 11 and 12 have been remanded to their respective transferor courts.

With respect to *Yeghiyaian* and *Camacho-Villa* claims 2, 5-9, and 13 and part of claims 3, 4, 10, 11 and 12 remain with the undersigned as part of the MDL and claim 1 and part of claims 3, 4, 10, 11 and 12 have been remanded to their respective transferor courts.

With respect to *Riger* claims 1 and 2 and part of claims 3 and 4 remain with the undersigned as part of the MDL and part of claims 3 and 4 have been remanded to the transferor court.

With respect to *Habon* claims 1, 2, 3, and 5 and part of claims 4 and 6 remain with the undersigned as part of the MDL and part of claims 4 and 6 have been remanded to the transferor court.

With respect to *Youmans*, *Sandefur* and *Spracklin* the entirety of each case shall remain with the undersigned.

With respect to *Leon* claims 1, 2, 3, 4, 10 and 11 and part of claims 8, 9, and 12 remain with the undersigned as part of the MDL and claims 5, 6 and 7 and part of claims 8, 9, and 12 have been remanded to the transferor court. In regard to the Eighth Claim, alleged violations 1-6, 16-17, and 19-21 remain with the undersigned and alleged violations 7-15, 18, 22, and 23 are remanded.

With respect to *Singh* claims 4, 5, 8 and 9 and part of claims 6, 7, and 10 remain with the undersigned as part of the MDL and claims 1-3 and part of claims 6, 7, and 10 have been remanded to the transferor court.

With respect to *Harnist* and *Vega* claims 2, 5-9 and 12-13 and part of claims 1, 3-4 and 10-11 remain with the undersigned as part of the MDL and part of claims 1, 3-4 and 10-11 have been remanded to the transferor court.

**IT IS FURTHER ORDERED** that MERS shall file a copy of this Order with the each transferor court within the next two business days.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file a copy of this Order in each member case listed on page 2.

**IT IS FURTHER ORDERED** that with respect to any claims that are staying with this Court, Plaintiffs' Lead Counsel shall file a proposed consolidated amended complaint together with the various plaintiffs whose actions are currently joined to this MDL and Defendants need not answer or otherwise respond until such a consolidated amended complaint is deemed filed; with respect to any claims that have been remanded to the transferor courts, Defendants shall answer or otherwise respond to those claims within fifteen days of this Order, unless any order of the transferor court is inconsistent with this Order, in which case, the order of the transferor court shall control.

**IT IS FURTHER ORDERED** within 12 days of this Order, MERS shall file all documents related to a case bifurcated herein into the record of the transferor court in that particular case. (Because this Court will not transfer the entire MDL file and docket to any individual transferor court, this will insure the Judge in the transferor court has a complete record for that specific case).

DATED this 21st day of March, 2011.

_____
James A. Teilborg
United States District Judge

I hereby attest and certify on 3·21·11
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF ARIZONA

By_____